UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN MAURICIO CASTILLO, | Case No. 3:26-cv-00577-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| MARKWAYNE MULLIN, *et al.*, | |
| Respondents. | |

Petitioner Juan Mauricio Castillo, an immigration detainee challenging the lawfulness of his federal detention in the District of Nevada, filed a counseled petition for habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1 ("Petition")) and moved for a temporary restraining order (ECF No. 2 ("Motion for TRO")). The Petition fails to identify the facility where Petitioner is being detained. Additionally, Petitioner has not listed the warden of the detention facility as a respondent in this action. Considering these defects, the Court defers ruling on the Petition but directs service on the United States Attorney's Office for the District of Nevada ("USAO") and sets a briefing schedule.

It is therefore ordered that Petitioner has seven days from the date of this Order to file an amended petition identifying the facility where Petitioner is being detained and naming the warden of said facility as a Respondent. Petitioner must effectuate service of the amended petition on Respondents.

It is further ordered that the Petition (ECF No. 1) is deferred.

It is further ordered that the Clerk of Court add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

///

It is further ordered that the USAO must file a notice of appearance within seven days of the date of this Order and file and serve their answer to the amended petition, if one is filed and response to the Motion for TRO, within 14 days of service of the filing of that amended petition, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. Petitioner will have seven days to file a reply in support of the amended petition and the Motion for TRO.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the USAO must produce the following documents to the Petitioner (or certify that such documents are not in their custody or control) within seven days from the date of this Order:

1. I-200 Warrant for Arrest of Alien

2. Form I- 286 Initial Custody Determination

3. I-862 Notice to Appear

4. Form I-213 Record of Deportable or Inadmissible Alien

5. All immigration court orders in the Petitioner's removal proceedings.

6. Documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner.

7. Transcripts and/or audio recordings of any custody redetermination proceedings.

///

///

///

///

2

It is further ordered that Petitioner's Motion for TRO (ECF No. 2) is granted in part. Respondents must not transfer Petitioner out of this District.[1] The Court defers granting further relief as requested in the Motion for TRO.

DATED THIS 31st day of July 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1996) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").