UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JUAN MAURICIO CASTILLO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 3:26-cv-00577-MMD-CLB

ORDER

Petitioner Juan Mauricio Castillo filed a counseled petition for habeas corpus relief under 28 U.S.C. § 2241 to challenge the lawfulness of his federal detention. (ECF No. 1 ("Petition").) The Court granted the Petition on Ground Four after the Federal Respondents filed a notice of non-opposition as to relief on that ground. (ECF No. 15 ("Order").) Thus, the Court ordered Respondents to release Petitioner by 9:00 AM PT on Monday, August 24, 2026. (*Id.* at 2.) Before the Court is Petitioner's Motion to Reopen and Enforce a Judgment, asking the Court to order the removal of added conditions of supervised release as a violation of the Order. (ECF No. 18 ("Motion").)[1] For the reasons discussed herein, the Court grants the Motion.

In granting the Petition, the Court ordered release without any added conditions.[2] (ECF No. 15.) However, before releasing Petitioner, Respondent ICE had an ankle monitor placed on Petitioner and enrolled him in the Intensive Supervision Appearance Program which imposes more frequent and intense reporting requirements than required

[1]Federal Respondents filed a response (ECF No. 20) and Petitioner replied (ECF No. 21.)

[2]Petitioner was granted deferral from removal under the Convention against Torture in January 2022. (ECF N 1 at 6-7.) He had been released with conditions imposed by Immigration and Customs Enforcement ("ICE") before ICE re-detained him on July 29, 2026, leading to the filing of the Petition. (*Id.* at 2-3, 7-8.) Petitioner asks that he be released "under the conditions in effect prior to July 28, 2026." (*Id.* at 22.)

prior to his unlawful detention in July 2026. (ECF No. 18 at 3.) Petitioner argues that these conditions violate the Court's Order. (*Id.* 4-6.) Federal Respondents counter "[t]he Court's Order did not put restrictions on the Federal Respondents regarding alternatives to detention they deem necessary." (ECF No. 20 at 1.) Federal Respondents are wrong. There can be no ambiguity in the Court granting the Petition and directing Petitioner be released. To the extent Federal Respondents misunderstood the Court's Order, the Court clarifies that the Order does not allow for any additional conditions to be unilaterally imposed.[3] And such a misunderstanding is not well founded given what judges in this district have declared in granting similar motions to enforce judgment—"ankle monitoring and repeated reporting constitute continued custody" in violation of the court's order of release. *Bernal Muniz v. Mullin*, No. 2:26-cv-2020-APG-EJY, 2026 WL 2621097 (D. Nev. Sept. 9, 2026); *see also Aguirre Solis v. Noem*, No. 2:26-cv-53-RFB-EJY, 2026 WL 776981 (D. Nev. Mar. 19, 2026) (finding the government's imposition of ankle monitoring and other conditions violated the Court's order requiring release on personal recognizance).

It is therefore ordered that Petitioner's Motion (ECF No. 18) is granted. Federal Respondents are ordered to remove all added conditions, including the ankle monitoring and reporting requirements, by September 17, 2026.

It is further ordered that Petitioner's conditions of supervision be returned to the same conditions that were imposed before his re-detention on July 29, 2026.

DATED THIS 16th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

[3]As Petitioner points out in his Motion, ICE's authority to modify his prior release conditions are governed by regulations. (ECF No. 18 at 6.) Federal Respondents do not contend ICE acted pursuant to these regulations.